Carl A. MELLE, Appellant,

v.

Joanne B. BARNHART, Commissioner
of Social Security.

No. 02–3793.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) Thursday, May 15, 2003.

Decided June 4, 2003.

Before: RENDELL, SMITH and
ALDISERT, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

This is an appeal of a district court
Order denying Appellant's Motion for
Summary Judgment seeking review of the
decision of the Commissioner of Social Se-
curity under 42 U.S.C. § 405(g). We are
required to decide if the Administrative
Law Judge's (ALJ) decision was supported
by substantial evidence and whether he
committed reversible error by (1) including
records relating to Appellant's son, Carl
Melle, Jr., in the administrative record and
(2) misidentifying the author of a function-
al capacity evaluation as Dr. Sinclair, when
it was actually completed by Laura Eb-
bert, an occupational therapist.

The district court agreed that the ALJ
erred in including the son's records, but
ruled that Appellant waived the objection

to the inclusion of these records by certify-
ing through counsel that the administra-
tive record was complete and accurate.
The court recognized the second error as
well, but concluded that the evaluation was
consistent with the ALJ's finding that
Melle could perform a limited range of
light work.

We agree that no reversible error was
committed and are persuaded that there
was substantial evidence in the record to
sustain the Commissioner's determination.
Accordingly, we affirm.

Because we are writing only for the
parties who are interested in this proceed-
ing it is not necessary to set forth our
discussion in depth.

I.

We endorse the district court's observa-
tions on the critical issue before us:

To begin with, the proper application of
the "substantial evidence" standard is
not whether there is substantial evi-
dence of record to support Plaintiff's
theory of the case, as Plaintiff seems to
be suggesting. Rather, the proper ap-
plication of the standard is whether the
final decision of the Commissioner is
supported by substantial evidence.
Consequently, Plaintiff's argument is
misplaced.

App. at 9 (citations omitted).

A reviewing court is limited to determin-
ing whether the Commissioner's decision is
supported by substantial evidence and
whether the correct law has been applied.
42 U.S.C. § 405(g); *Monsour Med. Ctr. v.
Heckler,* 806 F.2d 1185, 1190 (3d Cir.1990),
*cert. denied,* 482 U.S. 905, 107 S.Ct. 2481,
96 L.Ed.2d 373 (1987). Substantial evi-
dence is "such relevant evidence as a rea-
sonable mind might accept as adequate to
support a conclusion." *Richardson v. Pe-*

*rales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citing *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

We are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record, *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999), regardless of whether we would have decided the factual inquiry differently. *Id., Richardson,* 402 U.S. at 401, 91 S.Ct. 1420.

Evidence is considered "substantial" if it would justify a refusal to direct a verdict on an issue of fact for the jury. *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *Monsour,* 806 F.2d at 1190.

## II.

As to Appellant's first contention, the ALJ did not solely rely on the records relating to Carl Melle, Jr. in rendering his decision and the ALJ was entitled to rely on Melle's counsel's assertion as to the accuracy of the record. The ALJ's determination was supported by substantial evidence divorced from any discrepancy between the report relating to the son and the numerous other records pertaining to the Appellant. The son's report was just one of a number of the records reviewed and possibly relied upon by the ALJ in making his determinations. Accordingly, any error committed was harmless.

## III.

As to the second argument, the misidentification of the author of a functional capacity evaluation did not create reversible error. The evaluation – in addition to all the remaining medical source opinions in the record – was consistent with the ALJ's finding that Melle could perform a limited range of light work. According, any error committed was again harmless.

## IV.

After reviewing the record, we are persuaded that there was substantial evidence to establish that Appellant could perform the range of work suggested by the ALJ.

\*     \*     \*     \*     \*     \*

We have considered all contentions of the parties, including Appellant's due process claim, and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.